UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NIKIE M. KING, | CASE NO. 2:24-cv-00107 |
| Plaintiff, | ORDER |
| v. | |
| CHASE BANKS; STEIN BUCK, | |
| Defendants. | |

### 1. INTRODUCTION

Pro se Plaintiff Nikie M. King pursues this action in forma pauperis (IFP). Dkt. No. 5. After reviewing the complaint under 28 U.S.C. § 1915(e)(2)(B), the Court finds that King fails to state a claim on which relief may be granted. The Court also finds that King has failed to prove timely service of process, has failed to comply with two scheduling orders, and has failed to prosecute this case. These failures are grounds for dismissal. But rather than dismissing this case outright, the Court grants King leave to amend the complaint within 30 days of this Order to address the problems identified below to save this case from dismissal.

ORDER - 1

## 2. BACKGROUND

The Court granted King IFP status on April 2, 2024. Dkt. No. 8. At the time, U.S. Magistrate Judge S. Kate Vaughn recommended that the Court review the sufficiency of the complaint under 28 U.S.C. § 1915(e)(2)(B) before issuance of summons. Dkt. No. 8.

Through the complaint, King sues Defendants Chase Banks and "Stein Buck, Chase Bank Branch Manager." Dkt. No. 9 at 2.[1] The complaint contains almost no detail to support King's claim(s). The only statement provided in the complaint is completely indecipherable and incoherent, reading as follows:

> "Official Business Response: f/u and before+after President of U.S. District Courts Donald Trump Jr. [illegible] Asset at Chase Banking for Complimentary Stay of a rescue action of Nat'l Parks… Official Business Response voids after 7 yrs: customer copy…"

*Id.* at 3-4.

Since filing the complaint, King has taken no action on the case docket. *See* Dkt. On April 2, 2024, this Court ordered submission of a Joint Status Report by May 14, 2024. Dkt. No. 10. No such report was filed. On May 21, 2024, the Court issued an Order noting that King had failed to comply with the previous scheduling order and instructed submission of a Joint Status Report by July 2, 2024. Dkt. No 11. The Court warned that "[i]f the report is not filed by that time, sanctions may be ordered" and expressly noted that "[s]anctions may include dismissal of the action without prejudice." *Id.* Again, no report was filed.

---

[1] King does not clarify the location of Defendants or the particular branch with which Stein Buck is allegedly associated.

ORDER - 2

## 3. DISCUSSION

When a plaintiff proceeds in forma pauperis, the court must dismiss the action if the court determines the action is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). Under the Federal Rules of Civil Procedure, "[p]leadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). Therefore, a "document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). Courts are not to "dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citing *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir.1988) (per curiam))). Yet, even so, the duties imposed on the Court by § 1915(e) are unwavering, and when an IFP plaintiff fails to state a claim on which relief may be granted, the action must be dismissed.

King fails to meet the pleading requirements set forth in the Federal Rules of Civil Procedure. Under Rule 8(a), to state a claim, a pleading must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought. King's complaint, described above, meets none of these requirements: it fails to state a basis for the court's jurisdiction; it fails to assert a

claim entitling King to relief; and it fails to make a demand for relief.[2] These failures are grounds for dismissal under § 1915(e)(2)(B).

Additionally, King's failure to serve process, comply with court orders, and prosecute this action also provides grounds for dismissal. As discussed above, King has taken no action on the docket since filing the complaint, has violated two scheduling orders, and has failed to effect timely service of process. Under the Federal Rules, a plaintiff must serve defendants with a copy of the complaint and summons within 90 days of filing the complaint. Fed. R. Civ. P. 4(m). Absent good cause, a district court may dismiss an action for failure to meet this requirement. *Id.* Further, under LCR 41(b)(1), the Court may dismiss an action for failure to prosecute. *See Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (explaining that district courts may dismiss actions for failure to comply with court orders and/or failure to prosecute). King's failure to serve and failure to prosecute are grounds for dismissal.

In sum, King has failed to state a claim on which relief may be granted, failed to make service of process, failed to comply with scheduling orders, failed to prosecute, and failed to identify a basis for the Court's jurisdiction. Accordingly, to avoid dismissal of this case, King must submit an amended complaint within 30

---

[2] The Court notes that rather than using the "Complaint – Civil Case" form intended for pro se plaintiffs in the Western District of Washington, King instead uses the "Complaint – Third Party" form. Third-party complaints are complaints filed by defending parties in existing lawsuits who are pursuing claims against non-parties who may be liable for all or part of the claim against the defending party. *See* Fed. R. Civ. P. 14(a). Perhaps King's mistaken use of the third-party complaint form explains, at least in part, why crucial information is missing from the complaint.

days of this order that meets the above-described Rule 8 pleading requirements. And subsequently, King must make timely service of process and must comply with all scheduling orders of the Court. Failure to do so will result in dismissal of this action.

### 4.  CONCLUSION

The Court FINDS that the complaint, Dkt. No. 9, fails to state a claim on which relief may be granted. The Court GRANTS leave to amend the complaint and ORDERS King, within thirty (30) days, to submit an amended complaint that states a claim on which relief may be granted. Failure to do so will result in dismissal of this action under 28 U.S.C. § 1915(e)(2)(B).

It is so ORDERED.

Dated this 10th day of October, 2024.

*[signature]*

Jamal N. Whitehead
United States District Judge